IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NOAH J. GLEASON,

      Petitioner,

      v.                                 CASE NO. 20-3254-SAC

SAM CLINE, Warden,
El Dorado Correctional Facility,

      Respondent.

## ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

A jury convicted Petitioner of one count of first-degree felony murder in 2002. Petitioner's attorney filed a motion for a new trial and judgment of acquittal. Petitioner added a *pro se* amendment and also filed a *pro se* K.S.A. 60-1507 motion. All of the motions were denied, and Petitioner was sentenced in Jefferson County District Court on September 5, 2002. *State v. Gleason*, Case No. 2002-CR-73 (Jefferson County District Court). Petitioner appealed to the Kansas Supreme Court and his sentence was affirmed on April 23, 2004. *State v. Gleason*, 277 Kan. 624, 88 P.3d 218 (2004). In 2004, Petitioner filed a second state petition under K.S.A. 60-1507, which was denied in 2005. Petitioner unsuccessfully appealed that denial, and the Kansas Supreme Court denied review. *Gleason v. State*, 163 P.3d 1272, 2007 WL 2301919 (Kan. Ct. App. Aug. 10, 2007). Petitioner's third state petition was filed in 2007 and denied in 2008. Petitioner did not appeal that ruling, but filed a motion for relief from judgment. The

district court dismissed the motion, and the Kansas Court of Appeals affirmed that decision. *Gleason v. State*, 239 P.3d 114, 2010 WL 3853191 (Kan. Ct. App. Sept. 24, 2010).

In 2010, Petitioner filed a § 2254 petition in this Court.  The petition was dismissed without prejudice for failure to fully exhaust available state court remedies.  *Gleason v. McKune*, No. 10-3200-SAC, 2010 WL 4973311 (D. Kan. De. 1, 2010).  In 2011, Petitioner refiled his § 2254 petition in this Court, raising eleven claims of violations of his rights to due process and a fair trial under the United States Constitution.  The petition was denied on July 19, 2012. *Gleason v. McKune*, Case No. 11-3110-SAC, 2012 WL 2952242 (D. Kan. July 19, 2012).  The Tenth Circuit Court of Appeals denied Petitioner's application for a certificate of appealability. *Gleason v. McKune*, No. 12-3212, 521 F. App'x 682 (10th Cir. April 5, 2013).

Petitioner's fourth state petition was filed in 2012 and denied in 2013.  In May 2019, Petitioner filed a motion to set aside void judgment and motion to correct an illegal sentence in his state criminal case, challenging the state court's jurisdiction.  Petitioner filed a mandamus action in the Kansas Supreme Court in May 2020, which was denied on August 27, 2020. *Gleason v. State*, Case No. 122,856 (Kan. Aug. 27, 2020).  Petitioner's pending motions to reconsider or amend judgment in his state criminal case were denied on October 2, 2020. (Doc. 5, at 4–5.)

Petitioner filed the instant § 2254 petition in this Court on October 12, 2020.  Petitioner seeks to supplement his Petition to add documents from his state criminal case (Doc. 5).  The Court grants Petitioner's request to supplement his Petition.[1]

**Discussion**

This action is subject to the one-year limitation period established by the Antiterrorism

---

[1] Petitioner also supplemented his Petition by adding a signature page.  (Doc. 4.)

and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari.  Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  The

limitation period begins to run the day after a conviction becomes final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner does not argue that his petition was timely filed. Instead, he argues that his state court conviction is void because it failed to comply with the Kansas statute of limitations for his criminal charges. The petitioner in *Kinkead v. Standifird* also argued that his criminal prosecution was barred by the statute of limitations. *Kinkead v. Standifird*, 502 F. App'x 792, 795 (10th Cir. 2012) (unpublished). The Tenth Circuit stated that petitioner raised a question of state law and that "[a]s a federal habeas court, we do not review violations of state law." *Id*. at 796. "We are limited to determining whether a conviction violated the Constitution, laws, or treatises of the United States." *Id*. (citing 28 U.S.C. § 2254(a)); *see also Brookfield v. Bear*, Case No. 15-CV-168-JHP-JFJ, 2018 WL 4689468, at *7 (N.D. Okla. Sept. 28, 2018) (The "failure to properly apply a state statute of limitations does not violate due process or any other provision of the Constitution or a federal statute, and thus does not provide a basis for granting a writ of habeas corpus.") (quoting *Gauntlett v. Cunningham*, 171 F. App'x 711, 715 n.3 (10th Cir. 2006) (quoting *Burns v. Lafler*, 328 F.Supp.2d 711, 719 (E.D. Mich. 2004)).

Likewise, in *Belvin v. Addison*, the Tenth Circuit held that:

> In his § 2254 petition, Belvin first argued that his convictions on Count 3 (Child Sexual Abuse) and Count 8 (Lewd Molestation) were barred by the applicable Oklahoma statutes of limitations. The district court rejected these claims in part because it said claims regarding the statute of limitations are state-law claims that are not cognizable on habeas review. As it applies to this case, we find that conclusion is beyond dispute. A petitioner cannot assert a claim under § 2254 for a violation of state procedure unless it infringes a specific federal constitutional protection. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L.Ed.2d 385 (1991); *Dockins v. Hines,* 374 F.3d 935, 940 (10th Cir.2004) ("Federal habeas courts will not . . . review issues of purely state law."). Belvin invokes his due process rights, but a state's misapplication of its own statute of limitations does not

> violate federal due process per se. *See Loeblein v. Dormire,* 229 F.3d 724, 726 (8th Cir. 2000); *Erickson v. Secretary for Dept. of Corrections,* 243 Fed. Appx. 524, 527 (11th Cir. 2007); *Wilson v. Mitchell,* 250 F.3d 388, 396–97 (6th Cir. 2001); *see also Burns v. Lafler,* 328 F. Supp. 2d 711, 719 (E.D. Mich. 2004) (collecting cases). Even if a misapplication occurred here, which we do not find, Belvin gives us no reason to believe it violated his federal due process rights. Thus, we deny Belvin's COA request on this issue.

*Belvin v. Addison*, 561 F. App'x 684, 686 (10th Cir. 2014) (unpublished); *see also Johnson v. Patton*, 634 F. App'x 653, n. 6 (10th Cir. 2015) (unpublished).

The instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling. The Petition is also subject to dismissal for failure to allege a violation of the Constitution, laws, or treaties of the United States. The Court directs Petitioner to show cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED THAT** Petitioner's motion to supplement his Petition (Doc. 5) is **granted.**

**IT IS FURTHER ORDERED THAT** Petitioner is granted until **January 7, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his habeas claims should not be dismissed due to his failure to commence this action within the one-year limitation period and for failure to allege a violation of the Constitution, laws, or treaties of the United States.

**IT IS SO ORDERED**.

**Dated December 8, 2020, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**