IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NOAH J. GLEASON,

    Petitioner,

    v.                                                          CASE NO. 20-3254-SAC

SAM CLINE, Warden,
El Dorado Correctional Facility,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On December 8, 2020, the Court entered an Order to Show Cause (Doc. 7) ("OSC") directing Petitioner to show cause why this matter should not be dismissed due to his failure to commence this action within the one-year limitation period and for failure to allege a violation of the Constitution, laws, or treatises of the United States. This matter is before the Court on Petitioner's Response (Docs. 8, 9.)

The Court found in the OSC that Petitioner does not argue that his petition was timely filed. Instead, he argues that his state court conviction is void because it failed to comply with the Kansas statute of limitations for his criminal charges. The petitioner in *Kinkead v. Standifird* also argued that his criminal prosecution was barred by the statute of limitations. *Kinkead v. Standifird*, 502 F. App'x 792, 795 (10th Cir. 2012) (unpublished). The Tenth Circuit stated that petitioner raised a question of state law and that "[a]s a federal habeas court, we do not review violations of state law." *Id*. at 796. "We are limited to determining whether a conviction violated the Constitution, laws, or treatises of the United States." *Id*. (citing 28 U.S.C. § 2254(a)); *see also Brookfield v. Bear*, Case No. 15-CV-168-JHP-JFJ, 2018 WL 4689468, at *7 (N.D. Okla. Sept. 28, 2018) (The "failure to properly apply a state statute of limitations does not

violate due process or any other provision of the Constitution or a federal statute, and thus does not provide a basis for granting a writ of habeas corpus.") (quoting *Gauntlett v. Cunningham*, 171 F. App'x 711, 715 n.3 (10th Cir. 2006) (quoting *Burns v. Lafler*, 328 F.Supp.2d 711, 719 (E.D. Mich. 2004)).

Likewise, in *Belvin v. Addison*, the Tenth Circuit held that:

> In his § 2254 petition, Belvin first argued that his convictions on Count 3 (Child Sexual Abuse) and Count 8 (Lewd Molestation) were barred by the applicable Oklahoma statutes of limitations. The district court rejected these claims in part because it said claims regarding the statute of limitations are state-law claims that are not cognizable on habeas review. As it applies to this case, we find that conclusion is beyond dispute. A petitioner cannot assert a claim under § 2254 for a violation of state procedure unless it infringes a specific federal constitutional protection. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L.Ed.2d 385 (1991); *Dockins v. Hines,* 374 F.3d 935, 940 (10th Cir.2004) ("Federal habeas courts will not . . . review issues of purely state law."). Belvin invokes his due process rights, but a state's misapplication of its own statute of limitations does not violate federal due process per se. *See Loeblein v. Dormire,* 229 F.3d 724, 726 (8th Cir. 2000); *Erickson v. Secretary for Dept. of Corrections,* 243 Fed. Appx. 524, 527 (11th Cir. 2007); *Wilson v. Mitchell,* 250 F.3d 388, 396–97 (6th Cir. 2001); *see also Burns v. Lafler,* 328 F. Supp. 2d 711, 719 (E.D. Mich. 2004) (collecting cases). Even if a misapplication occurred here, which we do not find, Belvin gives us no reason to believe it violated his federal due process rights. Thus, we deny Belvin's COA request on this issue.

*Belvin v. Addison*, 561 F. App'x 684, 686 (10th Cir. 2014) (unpublished); *see also Johnson v. Patton*, 634 F. App'x 653, n. 6 (10th Cir. 2015) (unpublished).

Petitioner's response fails to address the deficiencies set forth in the OSC and continues to argue that his state court conviction is void because it failed to comply with the Kansas statute of limitations for his criminal charges.  Petitioner has failed to show good cause why the Petition should not be dismissed.  Therefore, the Petition is dismissed for the reasons set forth in the OSC.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order.  A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).   "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The failure to satisfy either prong requires the denial of a COA.  *Id*. at 485.  The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** no Certificate of Appealability will issue.

**IT IS FURTHER ORDERED THAT** the Petition is **dismissed.**

**IT IS SO ORDERED**.

**Dated February 5, 2021, in Topeka, Kansas.**

> s/ Sam A. Crow
> **Sam A. Crow**
> **U.S. Senior District Judge**